UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARY KOCH,

        Appellant,

                                               Case No. 15-cv-11737
                                               HON. GERSHWIN A. DRAIN

v.

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

        Appellee.

_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER
TO LIFT THE AUTOMATIC STAY AND CANCELING HEARING
SET FOR JULY 22, 2015**

      Appellee Federal National Mortgage Association moved for relief of the automatic stay, which was triggered by Appellant Rosemary Koch's latest Chapter 13 bankruptcy filing. The district court granted Appellee's motion. Appellant now appeals the district court's decision to lift the automatic stay.

      The Court has reviewed and considered all briefs timely filed by both parties and finds no need for a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). Upon review of the parties' briefs, the Court concludes that Appellee was entitled to relief, under 11 U.S.C. § 362(d)(1), (2), and therefore affirms the Bankruptcy Court's decision.

**I. BACKGROUND**

      Presently before the Court is Appellant Rosemary Koch's ("Koch") Notice of Appeal from the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy

Court"). The Notice was filed on May 15, 2015. Koch requests that this Court review the Bankruptcy Court's decision to lift the automatic stay, specifically as it concerns a parcel of real property.

Appellee Federal National Mortgage Association ("Fannie Mae") purchased the real property at issue in a foreclosure sale held, on June 12, 2014, after Koch defaulted under her relevant loan agreement. A Sheriff's Deed was thereafter recorded in Liber 4053, Page 950 of Washtenaw County Records, on June 27, 2014. ECF No. 3, Ex. 2. Koch failed to redeem the property after the sheriff's sale within the six-month statutory period. Consequently, Koch's opportunity to redeem the property expired on December 12, 2014.

On March 2, 2015, Koch filed her most recent petition for protection under Chapter 13 of the Bankruptcy Code.[1] For this reason, an automatic stay applied to the actions of all of Koch's creditors. *See* 11 U.S.C. § 362(a). At the time of Koch's filing Fannie Mae was seeking recovery of real property, of which Koch held possession.

On April 24, 2015, after holding oral arguments on the matter and being fully advised in the premises, the Bankruptcy Court held that Fannie Mae is entitled to continue eviction proceedings for the recovery of the real property, pursuant to 11 U.S.C. §§ 362(c)(3) and 362(d)(1), (2), and (4). Accordingly, the Bankruptcy Court lifted the automatic stay concerning

---

[1] Prior to the present bankruptcy filing, Koch has attempted to undergo bankruptcy proceedings twice before. On January 9, 2013, Koch filed for Chapter 7 bankruptcy protection. The Bankruptcy Court dismissed Koch's Chapter 7 bankruptcy petition on September 18, 2013, "[f]or [f]ailure to [p]rovide [n]ecessary [d]ocuments." ECF No. 3, Ex. 4.

Koch filed another bankruptcy petition on July 15, 2014. *See* ECF No. 3, Ex. 5. Koch, again, failed to file necessary documents with the Bankruptcy Court. Accordingly, on the same date, the Bankruptcy Court issued a Notice of Missing Documents. ECF No. 3, Ex. 5. The Bankruptcy Court instructed Koch that she was required to file the missing documents by July 29, 2014. Koch failed to do so, and accordingly, the Bankruptcy Court dismissed her first Chapter 13 bankruptcy petition on August 13, 2014.

Koch filed her second Chapter 13 bankruptcy petition, otherwise her third bankruptcy petition, on March 2, 2015. On May 4, 2015, the Chapter 13 Bankruptcy Trustee (the "Trustee") filed a Motion to Dismiss. ECF No. 3, Ex. 9. The Trustee cited Koch's failure to attend the first creditor's meeting as well as Koch's failures to remit any Plan payments and to propose a Chapter 13 Plan as reasons for dismissing her current bankruptcy petition. ECF No. 3, Ex. 9 (debtor's failures "constitute[] a material default and unreasonable delay that is prejudicial to creditors pursuant to 11 U.S.C. Section 1307(c).").

the relevant real property. On May 4, the Chapter 13 Trustee filed a motion to dismiss Koch's bankruptcy petition. The Trustee noted that Koch has essentially failed to participate in the bankruptcy proceedings. *See* ECF No. 3, Ex. 9.

## II. STANDARD OF REVIEW

District courts must review "a bankruptcy court's order granting or denying relief from an automatic stay only for abuse of discretion." *In re Laguna Assocs. Ltd. P'ships*, 30 F.3d 734, 737 (6th Cir. 1994) (citing *In re White*, 851 F.2d 170, 174 (6th Cir. 1988)); *see also In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607 (6th Cir. 2000) (citing *In re Zick*, 931 F.2d 1124, 1126 (6th Cir. 1991)) ("Equitable determinations are within the sound discretion of the bankruptcy judge and will not be disturbed absent abuse of discretion.").

An abuse of discretion is "a 'definite and firm conviction that the court below committed a clear error of judgment.'" *Id.* at 607-8 (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999); *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)). The standard is, therefore, "not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.* at 608 (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982); *In re Carter*, 100 B.R. 123, 126 (Bankr. D. Me. 1989)).

Additionally, when reviewing bankruptcy appeals, the district court must apply a *de novo* standard of review to conclusions of law. *In re MCI, Inc.*, 151 B.R. 103, 106 (E.D. Mich. 1992) (citing *In re Caldwell*, 851 F.2d 852, 857 (6th Cir. 1988)). "[F]actual determinations which the bankruptcy court has made are subject to the clearly erroneous standard of review." *Id.* "Only

where there is the 'most cogent evidence of mistake or miscarriage of justice' may the district court disturb a factual finding made by the bankruptcy court." *Id.*

## III. DISCUSSION

Koch presently challenges the Bankruptcy Court's order to lift the automatic stay as it concerns the real property, mentioned above. The facts in this case are not contested. The parties instead dispute whether the Bankruptcy Court granted Fannie Mae relief from the automatic stay on appropriate grounds.

As a result, the Court is therefore faced with the narrow question of whether the Bankruptcy Court abused its discretion when it granted Fannie's motion to lift the automatic stay. Koch contends that Fannie Mae had not demonstrated "cause," which is required in order to entitle it to relief from the automatic stay.

On the other hand, Fannie Mae argues that it was appropriately granted relief from the automatic stay. Fannie Mae first contends that Koch lost "all right, title, and interest in the Property after Koch failed to redeem the Property before the statutory period of redemption expired on December 12, 2014." ECF No. 3, at 6. Fannie Mae also contends that the automatic stay terminated, pursuant to 11 U.S.C. § 362(c)(3), because Koch failed to file a continuation within 30 days of initiation of the bankruptcy proceedings. ECF No. 3, at 6. Fannie Mae asserts that Koch's continuation deadline was April 1, 2015. ECF No. 3, at 8.

"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws." *In re Glenn*, 760 F.2d 1428, 1436 (6th Cir. 1985). The automatic stay "stops all collection efforts, all harassment, and all foreclosure actions." *Id.* It essentially "permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove [her] into bankruptcy." *Id.*

4

The automatic stay may, however, be lifted. The Bankruptcy Code provides that "on request of a party in interest and after notice and hearing, the court shall grant relief from the stay …" on certain enumerated conditions. 11 U.S.C. § 362(d). Among these reasons, a bankruptcy court may lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1).

A bankruptcy court may also lift the stay "with respect to a stay of an act against property … if—the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization[.]" 11 U.S.C. § 362(d)(2). "Relief requires a showing of both elements." *In re Plastech Engineered Prods., Inc.*, 382 B.R. 90, 109 (Bankr. E.D. Mich. 2008). Showing that a property is "necessary to an effective reorganization" requires "not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*." *Id.* (emphasis in original). This means "there must be a reasonable possibility of a successful reorganization with a reasonable time." *Id.* (citing *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988)).

Furthermore, a debtor effectively loses her interest—or equity—in property if it fails to redeem it after a foreclosure sale. The Sixth Circuit has held that "a Chapter 13 debtor may cure a default on a mortgage on his principal residence even when the debt has been accelerated and a judgment of foreclosure has been entered provided that no foreclosure sale has taken place." *In re Glenn*, 760 F.2d at 1442. However, "[o]nce the property has been sold, the right to cure the default and reinstate the terms of the mortgage … ceases." *Id.*

If the mortgagee then fails to redeem the subject property following the foreclosure sale, the sale is final. *See In re Agee*, 330 B.R. 561, 568-9 (E.D. Mich. 2005) ("The Sixth Circuit

5

understood that a foreclosure sale may not be final until some further action required under state law.… title does not pass to the buyer until the right of redemption expires with no redemption so that a debtor does not retain an ownership interest after the Sheriff's auction."). Moreover, "the automatic stay provisions of § 362(a) do not toll or extend the running of state statutory periods of redemption following foreclosure sales." *In re Glenn*, 760 F.2d at 1442.

In light of these principles, the Court concludes that the Bankruptcy Court did not abuse its discretion when it lifted the automatic stay. As mentioned above, a bankruptcy court may lift the stay "with respect to a stay of an act against property … if—the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization[.]" 11 U.S.C. § 362(d)(2). As an initial matter, it is clear that Koch has no interest in the property, which is the subject of the relief from automatic stay.

The factual circumstances in this case are analogous to the facts in *In re Glenn*. Here, as in *In re Glenn*, Koch lost title to the subject property through a foreclosure sale and, in particular, her failure to redeem the property after the foreclosure sale. Koch was required to redeem the subject property, if she so chose, by December 12, 2014, yet failed to do so.

Months following the redemption deadline, Koch proceeded to file the immediate bankruptcy petition on March 2, 2015. The property at issue is thus not protected by the automatic stay because, on March 2, 2015, Koch had no legal right or interest in said property, losing her rights and interest on December 12, 2014.

The Court further concludes that the Bankruptcy Court, in its sound discretion, reasonably determined that the subject property was not necessary for an effective reorganization. *See* 11 U.S.C. § 362(d)(2). Koch has not shown that subject property is essential for an effective reorganization. *In re Plastech Engineered Prods., Inc.*, 382 B.R. at 109. When

considered in light of the fact that Koch has had two prior bankruptcy petitions—within the past two years—be dismissed,[2] and a pending motion of dismissal—filed by the Trustee—currently before the Bankruptcy Court, it is evident that there is no "reasonable possibility of a successful reorganization with a reasonable time." *See id.*

Consequently, the Court finds that the Bankruptcy Court did not abuse its discretion by granting Fannie Mae's motion to lift the automatic stay. Accordingly, the Court need not venture into the question of whether Koch's alleged abuse of the bankruptcy system entitles Fannie Mae to relief. The reasoning that the Court has provided above is sufficient.

### IV. CONCLUSION

The Bankruptcy's Court order, entered on April 24, 2015, lifting the automatic stay, is **AFFIRMED**.

The hearing in regard to the matter, set for Wednesday, July 22, 2015, is **HEREBY CANCELED.**

**IT IS SO ORDERED**.

Dated: July 20, 2015

/s/Gershwin A Drain
HONORABLE GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

---

[2] *Id.*